The Court set aside the attachment, as appears by the following opinion of Daniel Dulany, Esquire:
Opinion op Daniel Dulany, Esquire.
How far our attachment law, and the practice under it, if the question should be determined in the dernier resort, would be allowed to prevail, in the case of a bankruptcy in Britain after an assignment, it is not necessary to intimate my opinion. The question would be of great importance and require various considerations. The force and extent of the statutes concerning bankrupts are very great, and the ideas might perhaps be very different in England, and Maryland on the point, whether an act of Assembly, and the practice of a Colony, can controul the operation of statutes; but yet if our act and practice should not be allowed to have any degree of such controuling operation, it might be very injurious here to the credit of British merchants, for it would be extremely inconvenient, in any case, for a Maryland creditor to entitle himself to his proportion, under a distribution of a bankrupt’s estate, and in most cases it would be impracticable. Wherefore, if creditors here should not be permitted to derive any security or benefit from our local laws, the credit of British merchants here would generally cease. Hitherto the property of a British merchant here, has been and is understood to be a depositum, or peculiar security for the pay *238 ment of country creditors; to the extent, therefore, of such property, credit is given here without inquiry into the circumstances of the merchant elsewhere, and that Britain does not derive very considerable commercial advantages from this confidence, can hardly be thought.
It being generally impracticable for a country creditor to entitle himself to receive his proportion in Britain, in the case of a bankruptcy, and as therefore, if he had no remedy on the spot, he would suffer a total loss, and as such a situation would make every prudent man • very averse from giving credit to British merchants, and consequently prove very inconvenient to trade, I say on diese considerations, our attachment act and practice have been founded; but these reasons not applying to the case of creditors in Britain, it has been determined on a construction, of the act in the Supreme Court, that they are not entitled to proceed by attachment against the estate of a bankrupt in Britain, but must appply for their proportion with the other creditors in the division or distribution of his estate.
The case I mean was that of MiLean, the tobacco merchant, who failed in London. The country creditors proceeded by attachment, and obtained condemnations; but an attachment obtained by a British creditor was set aside, the act being understood to be limited to country creditors, for the reasons above suggested.
In the present case, though Mr. Riddel was in Maryland when the tobacco was consigned, yet inasmuch as his copartners are in Britain, and have it in their power to entitle the whole company to their share under a distribution, as effectually as if Mr., Riddel was there also, I apprehend an attachment would be denied in this case, on the same principle that it was denied in Mr. 3BLean’s ease, should there be an opposition; but if not, perhaps the attachment may be obtained, as the Court may not advert, unless pointed out, to the circumstance of the plaintiff’s place of residence.
In respect of the other parts of the case, I apprehend, that if Messrs, Glassford ¡d? Go. should obtain any satisfac *239 tion by the process of attachment here, they would not be entitled, moreover, to a share of the bankrupt’s effects in Britain, inasmuch as the effect of a condemnation here, and an ulterior share in Britain, would destroy the equality intended by these statutes.
If there was nothing more in the case, an attachment might be obtained, though not in the power of the plaintiff to ascertain the exact balance due to them. The practice in such case is for the Court to set a value on the tobacco consigned, in doing which they have regard to the general price of tobacco, prevailing at the time when the commodity arrived in Britain, and might be conveniently sold according to the course of this kind of business. The defendant having twelve months allowed to come in, and contest the demand of the plaintiff, should there be an over valuation it may be set right.